# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>OPE USIC HOLDINGS, INC., and USIC LOCATING SERVICES, LLC f/k/a USIC LOCATING SERVICES, INC.<br><br>        Defendants. | Case No. 1:22-cv-1259<br>Hon. |

## COMPLAINT AND JURY DEMAND

Plaintiff Liberty Mutual Insurance Company ("Liberty Mutual") for its Complaint against Defendants OPE USIC Holdings, Inc. ("USIC Holdings") and USIC Locating Services, LLC ("USIC Locating Services" and together with "USIC Holdings," "USIC") states as follows:

## NATURE OF THE ACTION

1. Liberty Mutual seeks specific performance for breach of contract, together with a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, to resolve questions of actual controversy regarding reimbursement, if any, of Allocated Loss Adjustment Expense ("ALAE") to Defendant USIC Holdings under the Liberty Mutual Policy (defined herein) with respect to the Gas Explosion Lawsuits (defined herein) that were filed against USIC Locating Services.

## THE PARTIES

2. Plaintiff, Liberty Mutual Insurance Company, is a Massachusetts corporation, with its principal place of business in Boston, Massachusetts.

3. Defendant, OPE USIC Holdings, Inc. is a Delaware corporation, with its principal place of business in Indianapolis, Indiana.

4. Defendant, USIC Locating Services, LLC is an Indiana limited liability company with its principal place of business in Indianapolis, Indiana. USIC Locating Services, LLC has one member, USIC, LLC, which is a Delaware limited liability company with its principal place of business in Indianapolis, Indiana. USIC, LLC has one member, USIC Holdings, Inc., which is a Delaware corporation with its principal place of business in Indianapolis, Indiana.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 2201, *et seq*. and Fed. R. Civ. P. 57.

6. An actual, justiciable controversy exists between Liberty Mutual and USIC regarding the reimbursement, if any, of ALAE to USIC under the Liberty Mutual Policy for the Gas Explosion Lawsuits.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The parties are citizens of different states and the matter in controversy exceeds the sum value of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because USIC conducts business in this district and maintains its principal place of business in this district. Venue is also proper under 28 U.S.C. § 1391(b)(2), as the Liberty Mutual Policy was issued to USIC Holdings in this district.

## THE LIBERTY MUTUAL POLICY

9. Liberty Mutual issued Commercial Policy No. EB1-631-509646-033 to USIC Holdings, effective January 1, 2013 to January 1, 2014 ("the Liberty Mutual Policy" or "the

Policy"). A copy of the Liberty Mutual Policy is attached as an exhibit hereto and incorporated by reference under Fed. R. Civ. P. 10(c) as if fully set forth herein.

10. The Liberty Mutual Policy contains a Supplementary Payments/Allocated Loss Adjustment Expense Endorsement No. LC 99 22 02 06 ("ALAE Endorsement"), which states:

> 1. Where the insured controls the defense, we will reimburse the insured for our proper share of the "allocated loss adjustment expense" paid by the insured for each "occurrence" under Coverage A or injury sustained by one person or organization under Coverage B. Our proper share shall be calculated as follows:
>
> We shall first determine the percentage of the damages attributable to this policy and the "self-insured amount" by dividing the damages payable under this policy plus the "self-insured amount" by the total amount of damages.
>
> Next we will determine the "allocated loss adjustment expense" attributable to this policy and the "self-insured amount" by multiplying the percentage determined above by the total of "allocated loss adjustment expense".
>
> Finally, our proper share of the "allocated loss adjustment expense" attributable to this policy and the "self-insured amount" will be the ratio of damages payable under this policy to the total amount of damages paid under this policy plus the "self-insured amount".
>
> If a claim or "suit" does not result in damages that we are obligated to pay under the policy, our proper share of the "allocated loss adjustment expense" shall be 0%.
>
> For each claim or "suit", you are response for all "allocated loss adjustment expense" until the claim or "suit" is resolved and our proper share can be determined.
>
> The First Named Insured shown in the Declarations shall maintain adequate records and supporting data for any reimbursement of "allocated loss adjustment expense" due from us.

> Paragraph 3. of the SUPPLEMENTARY PAYMENTS/ALLOCATED LOSS ADJUSTMENT EXPENSE Section is replaced with the following:
>
> 3. If any insurance in this Coverage Part applies on in each claim, each person or organization, each disease, each accident or other stated basis rather than a bases described in 1. above, our proper share of the "allocated loss adjustment expense" shall be calculated using the same method described in 1. above.

11. ALAE is defined in the Policy as follows:

    "Allocated loss adjustment expense" includes but is not limited to:

    (a) reasonable attorneys' fees for claims in suit (reasonable attorneys' fees means rates which are actually paid by us to attorneys retained in the ordinary course of business in the defense of similar actions in the community where the claim is being defended);

    (b) other costs and other items of expense such as:

        (i) costs for medical, expert and other witnesses at trials or hearings, stenographic costs and costs of copies of documents and transcripts; and

        (ii) medical, expert or consultant fees and expenses relating to the defense of any claim or "suit".

    (c) up to $250 for cost of bail bonds required because of accident or traffic law violations arising out of the use of any Vehicle to which the Bodily Injury Liability Coverage applies, but we do not have to furnish these bonds;

    (d) the cost of appeal bonds and bonds to release attachments within the applicable limit of insurance, but we do not have to furnish these bonds;

    (e) all costs taxed against the insured in the "suit".

12. The Liberty Mutual Policy also contains other potentially applicable terms and conditions that may apply to the reimbursement of ALAE to USIC, if any, for the Gas Explosion Lawsuits.

**THE GAS EXPLOSION LAWSUITS AND CLAIMS**

13. On February 19, 2013, while a site was being excavated in Kansas City, Missouri, a drilling machine struck and punctured a buried gas main, causing a leak and an ensuing explosion at JJ's Bar and Grill, Inc. d/b/a JJ's Restaurant (the "JJ's Restaurant Explosion").

14. USIC Locating Services allegedly located and marked underground utilities, including the buried gas main, in preparation for excavation of the site.

15. As a result of the JJ's Restaurant Explosion, one person died, numerous people were injured, JJ's Restaurant was destroyed, and several nearby buildings were damaged or destroyed.

16. Nineteen lawsuits were filed against USIC Locating Services and others in the 16th Circuit Court of Jackson County, Missouri (the "Gas Explosion Lawsuits"), which were:

    A.    *JJ's Bar and Grill, Inc. v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1316-CV11288;

    B.    *Carter M. Cramer and Genevieve Cramer v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1316-CV13738;

    C.    *Patrick Woodward v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV22020;

    D.    *Michael Tanner, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV09906;

    E.    *Jennifer J. Carter v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1616-CV03700;

    F.    *Lindsay Simmons, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV07265;

    G.    *Aaron Meek, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV13523;

  H. *Matthew Couture, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV07265;

  I. *William Matthew Nichols, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1416-CV04420;

  J. *Dr. Steven C. Mingos & Associates, LLC, et al. v. William Matthew Nichols, et al. v. Southern Union Company d/b/a Missouri Gas Energy, et al.,* Case No. 1316-CV18072;

  K. *Plazaview, LLC v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1316-CV16817;

  L. *Carlton Plaza Condominium Association v. Laclede Gas Company d/b/a Missouri Gas Energy, et al.*, Case No. 1616-CV06597;

  M. *American Family Insurance Company as subrogee of John Muller and Kathleen Muller v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1416-CV13071;

  N. *Menorah Legacy Foundation v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1516-CV08110;

  O. *Travelers Property Casualty Company of American v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1516-CV10393;

  P. *Michael Savage v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1516-CV08111;

  Q. *Richard Neil Howe v. Heartland Midwest, LLC, et al.*, Case No. 1716-CV08482;

  R. *Terra Management LLC v. Panhandle East Pipe Line Company*, Case No. 1716-CV14286;

  S. *Michael A. Palier, et al. v. Heartland Midwest, LLC, et al.*, Case No. 1316-CV18684.

  17. In the lawsuit captioned, *JJ's Bar and Grill, Inc. v. Southern Union Company d/b/a Missouri Gas Energy, et al.*, Case No. 1316-CV11288 ("JJ's Restaurant Lawsuit"), a jury ultimately rendered a verdict in favor of USIC Locating Services, resulting in a judgment that USIC Locating Services was not liable for the JJ's Restaurant Explosion; accordingly, all claims

against USIC Locating Services were dismissed with prejudice and USIC Locating Services did not pay any judgment or settlement to JJ's Restaurant.

18. In addition to the JJ's Restaurant Lawsuit, USIC was dismissed from certain of the other Gas Explosion Lawsuits without having paid a settlement or judgment.

19. Seventeen claims were made against USIC Locating Services because of the JJ's Restaurant Explosion; none of those seventeen claims resulted in a lawsuit being filed against USIC Locating Services ("Gas Explosion Claims").

20. USIC Locating Services did not pay any settlements for certain of the Gas Explosion Claims.

21. USIC Locating Services settled certain of the Gas Explosion Claims and Gas Explosion Lawsuits, which settlements are confidential. Liberty Mutual will file a motion requesting that these settlements be filed under seal, after consultation with Defendants.

**REQUEST FOR REIMBURSEMENT OF ALAE FOR THE GAS EXPLOSION LAWSUITS**

22. In 2015, a claim was made against USIC Locating Services by another defendant in the Gas Explosion Lawsuits, which claim was tendered to Liberty Mutual under the Policy.

23. On July 9, 2015, USIC Locating Services, Liberty Mutual and other parties entered into a Settlement Agreement and Release, which terms are confidential. Liberty Mutual will file a motion requesting that the Settlement Agreement and Release be filed under seal, after consultation with Defendants.

24. In 2016, USIC inquired to Liberty Mutual about reimbursement of ALAE for the Gas Explosion Lawsuits, and in response, on April 12, 2016, Liberty Mutual reaffirmed

7

its prior reservation of rights and, subject to that reservation of rights, wrote to USIC, stating, in part:

> USIC is obligated under the Policy "to maintain adequate records and supporting data for any reimbursement of allocated loss adjustment expense."  Accordingly, to the extent that you have not already done so, please gather and submit all records and supporting data that you believe are necessary to calculate the ALAE that has been incurred to date as relates to each Gas Explosion Lawsuit.

25.     By letter dated October 12, 2021, USIC Holdings wrote to Liberty Mutual stating that all Gas Explosion Lawsuits had been resolved and requested reimbursement of ALAE under the Policy in the amount of $7,518,056.04.

26.     On October 18, 2021, Liberty Mutual acknowledged receipt of the request for reimbursement, and on November 22, 2021, Liberty Mutual requested copies of the invoices generated in defending USIC in the Gas Explosion Lawsuits; USIC sent certain of the invoices to Liberty Mutual on March 18, 2022, but those invoices were inadequate records and data supporting USIC's request for reimbursement of ALAE.

27.     By letter dated April 20, 2022 to USIC, Liberty Mutual both reaffirmed its prior reservation of rights with respect to reimbursement of ALAE and requested additional information from USIC, including adequate records and data supporting its request for reimbursement of ALAE.

28.     On May 10, 2022, USIC responded to Liberty Mutual's requests for additional information by letter, but USIC did not provide the information that Liberty Mutual had requested.

## COUNT I
## BREACH OF CONTRACT

29. Liberty Mutual incorporates by reference all the above allegations as though fully set forth herein.

30. The Liberty Mutual Policy is a valid and enforceable contract between USIC and Liberty Mutual.

31. USIC has materially breached its contractual obligations under the Policy by failing to maintain and provide adequate records and data supporting its claim for reimbursement of ALAE, as required under the Policy.

32. Specifically, USIC has materially breached the Policy by failing to maintain and provide records verifying the amount of ALAE that it paid for each separate Gas Explosion Lawsuit.

33. As a direct and proximate result of USIC's breach of the Policy, Liberty Mutual has been injured and has no adequate remedy at law because it cannot determine the amount of ALAE, if any, that it is obligated to reimburse to USIC under the Policy.

34. Liberty Mutual requests that the Court issue an order requiring USIC to specifically perform its contractual obligations under the Policy by submitting adequate records and data verifying the amount of ALAE paid by USIC in the defense of USIC Locating Services for each separate Gas Explosion Lawsuit.

## COUNT II
## DECLARATORY JUDGMENT

35. Liberty Mutual incorporates by reference all the above allegations as though fully set forth herein.

36. To the extent USIC is unable to specifically perform under the Policy as requested in Count I, that is, USIC is unable to provide adequate records and data verifying the amount of ALAE it paid for each separate Gas Explosion Lawsuit, Liberty Mutual seeks a declaration that it does not owe reimbursement of ALAE to USIC for the Gas Explosion Lawsuits.

## COUNT III
## DECLARATORY JUDGMENT

37. Liberty Mutual incorporates by reference all the above allegations as though fully set forth herein.

38. To the extent USIC is able to specifically perform under the Policy as requested in Count I, that is, USIC is able to provide adequate records and data verifying the amount of ALAE it paid for each separate Gas Explosion Lawsuit, or to the extent the Court determines that USIC has provided sufficient information verifying the amount of ALAE it paid for the Gas Explosion Lawsuits, Liberty Mutual seeks a declaration that USIC has nonetheless misapplied and miscalculated the ALAE formula under the Policy with respect to reimbursement of ALAE under the Policy.

39. Liberty Mutual also seeks a declaration as to the correct amount of ALAE, if any, that it must reimburse to USIC for the Gas Explosion Lawsuits under the Policy.

## COUNT IV
## DECLARATORY JUDGMENT

40. Liberty Mutual incorporates by reference all the above allegations as though fully set forth herein.

41. To the extent there are any other issues relating to USIC's claim for reimbursement of ALAE, Liberty Mutual seeks a declaration of this Court to resolve that

claim according to the terms of the ALAE Endorsement and any other potentially applicable provision in the Policy.

## PRAYER FOR RELIEF

42. WHEREFORE, Liberty Mutual respectfully requests that the Court enter a judgment as follows:

    A. On Count I, order a remedy for breach of contract that USIC specifically perform its contractual obligation under the Policy, that is, provide adequate records and data supporting its claim for reimbursement of ALAE paid by USIC separately for each of the Gas Explosion Lawsuits;

    B. On Count II, issue a declaration that Liberty Mutual does not owe reimbursement of ALAE to USIC for the Gas Explosion Lawsuits, if USIC is unable to provide adequate records and data supporting its claim;

    C. On Count III, issue a declaration that USIC has misapplied the formula for reimbursement of ALAE and declare Liberty Mutual's proper share of ALAE to be reimbursed under the Policy for the Gas Explosion Lawsuits, if any, provided that USIC is able to provide adequate records and data supporting its claim;

    D. On Count IV, issue a declaration as to any other issues relating to ALAE coverage for the Gas Explosion Lawsuits;

    E. Award any such other further relief as the Court deems just and proper.

Respectfully submitted,

*s/ Charles W. Browning*
Charles W. Browning
PLUNKETT COONEY, P.C.
38505 Woodward Avenue, Suite 100

                                        Bloomfield Hills, MI 48304
                                        T: (248) 901-4000 / F: (248) 901-4040
                                        cbrowning@plunkettcooney.com

                                        Pamela A. Paige
                                        PLUNKETT COONEY
                                        201 N. Illinois Street
                                        South Tower 16th Floor
                                        Indianapolis, Indiana 46204
                                        T: (317) 964-2730 / F: (248) 901-4040
                                        ppaige@plunkettcooney.com

Dated:  June 23, 2022                      ***Attorneys for Plaintiff***

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>OPE USIC HOLDINGS, INC., and USIC LOCATING SERVICES, LLC f/k/a USIC LOCATING SERVICES, INC.<br><br>    Defendants. | Case No.  1:22-cv-1259<br>Hon. |

## JURY DEMAND

Plaintiff Liberty Mutual Insurance Company, by its attorneys, hereby demands a trial by jury in this matter only on those issues properly tried before a jury.  Plaintiff does not waive any right to seek a resolution of this matter as a matter of law.

          Respectfully submitted,

          *s/ Charles W. Browning*
          Charles W. Browning
          PLUNKETT COONEY, P.C.
          38505 Woodward Avenue, Suite 100
          Bloomfield Hills, MI 48304
          T: (248) 901-4000 / F: (248) 901-4040
          cbrowning@plunkettcooney.com

          Pamela A. Paige
          PLUNKETT COONEY
          201 N. Illinois Street
          South Tower 16th Floor
          Indianapolis, Indiana 46204
          T: (317) 964-2730 / F: (248) 901-4040
          ppaige@plunkettcooney.com

Dated:  June 23, 2022          *Attorneys for Plaintiff*